UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
NO. 1:24-CV-00054

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| APPROXIMATELY $7,770.00 IN U.S. ) | |
| CURRENCY seized from Jonathan Maurice ) | |
| Logan on or about December 12, 2022, in ) | |
| Buncombe County, North Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on the Government's Motion for Default Judgment of Forfeiture. (Doc. No. 8). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government moves the Court to enter a Default Judgment of Forfeiture with respect to the approximately $7,770.00 in U.S. Currency ("Defendant Currency") seized from Jonathan Maurice Logan as identified in the Complaint.

## FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Verified Complaint, (Doc. No. 1), are deemed admitted as true. A recitation of the relevant, admitted facts follows:

1

On December 6, 2022, a federal grand jury in the Western District of North Carolina returned a two-count indictment against Jonathan Maurice Logan. (Doc. No. 1 ¶ 7). Count One charged Mr. Logan with knowing and intentionally possessing with intent to distribute 50 grams or more of methamphetamine on or about March 31, 2022, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Id. Count Two charged Mr. Logan with knowing and intentionally possessing with intent to distribute 400 grams or more of fentanyl on or about March 31, 2022, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Id.; see United States v. Logan, 1:22-cr-00098-MOC-WCM, Doc. No. 3.

On February 22, 2023, Mr. Logan pleaded guilty to Count One. (Doc. No. 1 ¶ 8); see Logan, 1:22-cr-00098-MOC-WCM, Doc. No. 24. In support of Mr. Logan's guilty plea, he agreed to a factual basis which, among other things, provides that in February 2022, the Asheville Police Department learned that he was selling fentanyl and marijuana in the West Asheville community. (Doc. No. 1 ¶ 9). The factual basis further states that on March 31, 2022, Mr. Logan possessed with intent to distribute multiple bags of fentanyl weighing 1,200.5 grams, along with multiple bags of marijuana weighing 33.93 grams. Id.

The factual basis further provides that on March 31, 2022, investigators seized $4,565 in U.S. Currency from Mr. Logan's hotel room, and $6,260 in U.S. Currency from his person. (Id. ¶ 10); see Logan, 1:22-cr-00098-MOC-WCM, Doc. No. 20; (Doc. No. 1 ¶ 10). This currency was administratively forfeited by the Drug Enforcement Administration ("DEA"), and Mr. Logan did not contest the forfeiture. (Doc. No. 1 ¶ 10).

On January 18, 2024, the Court sentenced Logan to 168 months' imprisonment. (Id. ¶ 11). see Logan, 1:22-cr-00098-MOC-WCM, Doc. No. 37. Mr. Logan has a criminal history that includes additional drug-related offenses. (Doc. No. 1 ¶ 12).

The same day the federal grand jury returned the above-referenced indictment against Mr. Logan, a warrant for his arrest was issued. Id. ¶ 13. Logan, 1:22-cr-00098-MOC-WCM, Doc. No. 4; (Doc. No. 1 ¶ 13). On December 19, 2022, officers with the Asheville Police Department along with a DEA Task Force Officer conducted surveillance at BJ's Food Mart located at 10 Michigan Avenue, Asheville, NC 28806, in an attempt to locate and arrest Mr. Logan. Id.

At approximately 5:05 p.m. on December 19, 2022, Detective Beddow with the Asheville Police Department observed a burgundy Dodge Charger parked in front of BJ's Food Mart. (Id. ¶ 14). This Dodge Charger was the same vehicle that Mr. Logan had been driving earlier. Id. Officers confirmed that Mr. Logan was the driver of the vehicle and proceeded to take him into custody. Id. When the officers searched Mr. Logan, he was found in possession of 44 grams of suspected marijuana and the Defendant Currency. (Id. ¶ 15). Mr. Logan was charged with possession of marijuana on a state warrant and brought by the United States Marshals Service for his initial appearance in federal court on the above-referenced drug charges. (Id. ¶ 16).

## PROCEDURAL BACKGROUND

On February 16, 2024, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Currency seized from Mr. Logan is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). (Doc. No. 1). On February 26, 2024, the Clerk issued a Warrant of Arrest In Rem for the Defendant Currency. (Doc. No. 2).

After the Government filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government provided direct notice of this action to known potential claimants. Specifically, on February 28, 2024, the Government mailed notice and a copy of the Complaint to Mr. Logan and attorney Albert M. Messer. (Doc. No. 4). Additionally, in accordance with Supplemental Rule

G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on February 28, 2024. Id.

The Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.

On May 29, 2024, the Clerk entered an Entry of Default. (Doc. No. 7).

## DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FED. R. CIV. P. SUPP. R. G(2)(f). The Government may seek forfeiture of currency if it was used or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21 U.S.C. § 881(a)(6).

Based upon the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in

Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency.

After careful review, the Court finds that the Government has established that default judgment is appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Default Judgment of Forfeiture (Doc. No. 8) is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

**IT IS FURTHER ORDERED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED** that the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**SO ORDERED**.

Signed: July 10, 2024

Max O. Cogburn Jr
United States District Judge